IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 05-00022-WS |
| | ) | |
| GARY WAYNE ALLMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the defendant's motion to reconsider his sentence in light of his age, criminal history and acceptance of responsibility. (Doc. 30). The defendant was sentenced orally in open court on September 7, 2005, and the instant motion was signed by the defendant on September 19, 2005 and received by the Clerk's office on September 28, 2005.

"The court may not modify a term of imprisonment once it has been imposed except": (1) on motion of the Director of the Bureau of Prisons; (2) when a defendant's sentencing range has subsequently been lowered by amendment to the guidelines made retroactive by the United States Sentencing Commission; or (3) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c). The director of the Bureau of Prisons has not moved to modify the defendant's sentence, nor does the defendant suggest that the sentencing guidelines have been amended in a manner beneficial to him.

Modification "otherwise expressly permitted by statute" refers to motions to vacate under 28 U.S.C. § 2255. *United States v. Diaz-Clark*, 292 F.3d 1310, 1316 (11th Cir. 2002). The defendant has not filed a motion to vacate, and any such motion would be premature, as his direct appeal remains pending. Thus, the defendant's last chance for relief is Rule 35.

"Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). "As used in this rule, 'sentencing' means the oral announcement of the sentence." *Id*. 35(b). The defendant does not fall within Rule 35(a), both because he was not sentenced based on clear error and because his motion to reconsider was untimely filed. *United States v. Diaz-Clark*, 292 F.3d at 1317 ("[A] court's modification of a

sentence outside of this seven-day period is an action taken without the requisite jurisdiction, and is a legal nullity.").

Rule 35(b) provides that can be reduced based on the defendant's provision of substantial assistance, but only upon the government's motion. Fed. R. Crim. P. 35(b). No such motion has been filed.

In short, the Court has no statutory authority to reconsider the defendant's sentence. Moreover, "[o]utside of Rule 35(c) [now Rule 35(a)] there exists no 'inherent authority' for a district court to modify a sentence." *United States v. Diaz-Clark*, 292 F.3d at 1319.

For the reasons set forth above, the defendant's motion to reconsider his sentence is **denied**.

DONE and ORDERED this 14th day of October, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE