# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GARY WAYNE ALLMAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **CIVIL ACTION NO. 07-0494-WS** |
| **v.** | ) | |
| | ) | **CRIMINAL ACTION NO. 05-0022-WS** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

This matter is before the Court on the petitioner's motion to vacate, filed pursuant to 28 U.S.C. § 2255. (Doc. 45). The respondent has filed a response and the petitioner a reply, (Docs. 52, 53), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion to vacate is due to be denied.

## BACKGROUND

The petitioner was the sole defendant in a two-count indictment. Count One charged the petitioner with conspiracy to manufacture methamphetamine, and Count Two charged him with possession of pseudoephedrine with intent to manufacture methamphetamine. (Doc. 1). The petitioner was represented at trial and sentencing by retained counsel, T. Jefferson Deen, III. The petitioner pleaded guilty to Count Two and was sentenced to a term of imprisonment of 188 months. (Docs. 16, 29). The petitioner was represented on appeal by appointed counsel, Peter Madden, who filed an *Anders* brief. The Eleventh Circuit affirmed the petitioner's sentence and conviction, "[b]ecause [its] independent examination of the entire record reveals no arguable issues of merit." (Doc. 44). This motion timely followed.

As part of his plea agreement, on March 18, 2005 the petitioner agreed to the

statements of fact set forth in a factual resume, including the following: that, on or about October 30, 2004, law enforcement officials arrived at the petitioner's house after receiving complaints that people were cooking methamphetamine there; that the petitioner consented to a search of his residence; that the officers found within the house various articles of drug paraphernalia, plus methamphetamine, crushed pseudoephedrine pills, and numerous Sudafed tablets and packs; that the petitioner also consented to a search of his vehicle; that officers found within and/or next to the vehicle additional paraphernalia as well as a bag of crushed pseudoephedrine tablets; that the petitioner possessed pseudoephedrine with the intent to manufacture methamphetamine; and that, with respect to the drugs and precursors found in the residence, he was "responsible for the total weight of such methamphetamine and pseudoephedrine for purposes of determining relevant conduct in his case." (Doc. 15 at 14-15). At sentencing, counsel clarified that "they have pseudoephedrine in the house, but we do have a question about the stuff outside [in or near the vehicle], and that may be an issue later." (Doc. 40 at 19).

Two weeks before executing the plea agreement and factual resume and pleading guilty, the petitioner attended a probation office conference. The petitioner was advised that, with a timely guilty plea and acceptance of responsibility, the guideline range would be approximately 121 to 151 months and that, with a conviction after trial, the guideline range would be approximately 262 to 327 months. (Doc. 12; Doc. 52, Deen Affidavit).

The plea agreement executed by the petitioner on March 18, 2005 stated the following:

> 11. The Court will impose the sentence in this case. The United States Sentencing Guidelines apply in an advisory manner to this case. The defendant has reviewed the application of the Guidelines with his/her attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that he/she will not be allowed to withdraw his/her guilty plea

> if the applicable guideline range is higher than expected, if the Court departs
> from the applicable advisory guideline range, or if the Court imposes a
> sentence notwithstanding the Guidelines.

(Doc. 15 at 3-4).  The petitioner affirmed his understanding of this provision.  (*Id*. at 11).

At his guilty plea hearing on March 18, 2005, the petitioner denied that anyone had made any promise to him to force or pressure him to plead guilty.  (Doc. 40 at 8).  The Court advised the petitioner:  that the maximum penalty upon conviction of Count Two would be 20 years imprisonment; that the Court "will not be able to determine an appropriate sentence for your case until after a presentence report has been completed" and that "[t]he sentence imposed might be different from any estimate your attorney or anyone else might have given you"; that the Court had "the authority to impose a sentence that is more severe or less severe than the sentence called for in the Guidelines"; that, "[i]f the sentence is more severe than you expected, you would still be bound by your plea.  Even if you do not like the sentence imposed by the Court, you will not be able to withdraw your plea"; and that "[i]f I do not accept the sentencing recommendation in your Plea Agreement, you will still be bound by your plea."  To each of these points individually, the petitioner stated that he understood.  (*Id*. at 8-11, 13-14).

The substances seized from the house had not been weighed as of the guilty plea.  (Doc. 15 at 14).  The subsequent pre-sentence report ("PSR") reflected .24 gram of methamphetamine and 177.48 grams of pseudoephedrine, "based on the amount of methamphetamine and pseudoephedrine found during a search of the defendant's residence on October 30, 2004."  (Doc. 26 at 5).  Only these amounts were taken into consideration in calculating the petitioner's base offense level.  (*Id.* at 5-7).

## CLAIMS PRESENTED

The petitioner asserts that trial counsel was ineffective in four respects:

- Advising the petitioner that he "would receive a sentence of probation" if he pleaded guilty;

- Failing to explore viable avenues of defense concerning the petitioner's "actua[l] innocen[ce] of the total drug weight ascribed to him";

- Failing to "challenge the drug weight used to determine Movant's total sentence exposure"; and

- Failing to "pursue a viable challenge to the actual amount of chemical precursors."

(Doc. 45 at 4-8).

## DISCUSSION

To establish ineffective assistance of counsel, "a petitioner must show that counsel's performance was deficient and that he was prejudiced by that deficiency. A petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." *Hagins v. United States*, 267 F.3d 1202, 1204-05 (11th Cir. 2001) (internal citations omitted); *accord Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001); *Cross v. United States*, 893 F.2d 1287, 1290 (11th Cir. 1990). Deficient performance requires a showing that counsel's performance is "objectively unreasonable and falls below the wide range of competence demanded of attorneys in criminal cases." *Id.*[1] Prejudice requires a showing of a "reasonable probability that the result of the proceedings would have been different had counsel not

---

[1]A petitioner "must prove deficient performance by a preponderance of competent evidence, and the standard is reasonableness under prevailing professional norms." *Gallo-Chamorro v. United States*, 233 F.3d 1298, 1303 (11th Cir. 2000). "Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that *no* reasonable lawyer, in the circumstances, would have done so. ... Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994) (emphasis added) (internal quotations and citations omitted).

performed deficiently." *Id.*[2]

"Conclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (internal quotes omitted).  Furthermore, "it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance" of counsel.  *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994).  Rather, an attorney's performance may be found ineffective in the constitutional sense only if "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

The respondent argues that the Eleventh Circuit's disposition of the petitioner's appeal — independently reviewing the record and finding no arguable issues of merit — negates his ineffective assistance claims as a matter of law.  (Doc. 52 at 8-9).  The argument appears a bit of a stretch[3] and is in any event unsupported by any citation to authority.  The Court accordingly declines to rest its decision on this ground.

## I.  Inaccurate Advice Concerning Sentence.

Counsel denies under oath ever advising the petitioner that he would receive a sentence of probation under any circumstances.  (Doc. 52, Deen Affidavit).  The petitioner has himself made statements that undermine his claim, including his assertion that counsel told him "his sentencing *range included* probation."  (Doc. 53 at 8 (emphasis

---

[2]A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome."  *Gallo-Chamorro*, 233 F.3d at 1303-04.  A petitioner must show that the errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *Cross*, 893 F.2d at 1292 (citation omitted).

[3]It is unclear, for example, how appellate review of the record would have disclosed any issue as to non-record assurances by counsel that the petitioner would receive a sentence of probation.

added)).[4]  Nevertheless, for present purposes the Court accepts the petitioner's assertion, purportedly made under penalty of perjury, that counsel told him he would receive probation if he pleaded guilty.  (Doc. 45 at 4, 11).  The Court will further assume for present purposes that such advice would constitute deficient performance, satisfying the first prong of an ineffective-assistance claim.

"[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  The petitioner makes no such allegation in his motion to vacate, but he does assert in his reply brief that, "but for counsel's misrepresentation of the sentence range, ... petitioner would not have pleaded guilty."  (Doc. 53 at 12).  Despite this unsworn assertion, the record negates any reasonable probability that, but for counsel's alleged action in telling the petitioner he would receive probation, the petitioner would have proceeded to trial rather than pleading guilty.

First, the petitioner was advised by the probation office that the sentencing range on a guilty plea, even with acceptance of responsibility, was 121 to 151 months.[5]  Second, the petitioner represented to the Court that he had not received any promises to pressure him into pleading guilty.  Third, the petitioner was advised by the plea agreement that "no one" (thus including counsel) could predict with certainty what the sentencing range would be, and that the Court could depart upward from that range in any event.  Fourth, the Court before accepting the guilty plea repeated this information and explicitly informed the petitioner that "[t]he sentence imposed might be different from any estimate

---

[4]The supposedly inculpatory letter from counsel referenced in the petitioner's reply brief is not, as he asserts, "available to the Court."  (Doc. 53 at 9).

[5]Due to multiple violations of the conditions of release — including a positive test for methamphetamine —  the petitioner was denied credit for acceptance of responsibility, resulting in a higher sentence than probation predicted.  (Doc. 41 at 21-22). That ruling is not at issue herein.

your attorney ... might have given you."  Fifth, after sentence was pronounced, the petitioner made no suggestion that the sentence was inconsistent with the advice he received from counsel or that he would have proceeded to trial had he been properly advised.[6]

The petitioner's situation is thus indistinguishable from those of other defendants whose efforts to escape their sentences due to faulty advice of counsel have been rejected by the Eleventh Circuit.  *See United States v. Wilson*, 2007 WL 1827121 at *2 & n.3 (11th Cir. 2007) (petitioner was not prejudiced by counsel's misinformation concerning the possible sentencing range, since the trial court informed him of the sentencing range and sentencing contingencies and cautioned him not to rely on any estimate of counsel); *Cruz v. United States*, 188 Fed. Appx. 908, 914 (11th Cir. 2006) (petitioner was not prejudiced by counsel's assurance that she would receive a lesser sentence, since she denied any promises to her, she was informed by the trial court that her sentence could be different than any estimate given by her lawyer, and she did not complain after receiving the PSR); *see also Long v. United States*, 883 F.2d 966, 970 (11th Cir. 1989) ("[p]erhaps the most telling fact" was the petitioner's failure to complain at sentencing that the sentence exceeded what his counsel had told him).

Because the petitioner cannot establish that he was prejudiced by counsel's alleged assurance of probation, his ineffective assistance claim fails.

## II.  Challenge to Drug/Precursor Weight.

The petitioner's remaining grounds for relief are alternate expressions of a single

---

[6]The petitioner asserts that, "immediately after sentencing, [he] wrote to the Court, requesting a downward modification, based in part on the fact that his counsel had advised him of a much lower sentence."  (Doc. 53 at 9-10).  In fact, the petitioner's motion for reconsideration of sentence mentioned only his age, criminal history, and personal situation.  (Doc. 30).

challenge, and the Court will address them together.  In his skeletal motion to vacate, the petitioner identifies only one basis for his challenge: that the pseudoephedrine found in or near the vehicle should not have been attributed to him in determining his sentence. (Doc. 45 at 8).  The short answer to this complaint is that the pseudoephedrine found in or near the vehicle was *not* attributed to him in determining his sentence.  The PSR explicitly relied only on the pseudoephedrine found "during a search of the defendant's residence," and it explicitly excluded "a bag that contained 500 grams of crushed pseudoephedrine tablets," which bag contained the only pseudoephedrine found outside the residence.  (Doc. 26 at 4, ¶ 9; *id*. at 5, ¶ 11; *id*. at 7, ¶ 31).  Using only the drugs and precursors found within the residence resulted in a base offense level of 32, (*id*. at 6, ¶ 21), and the Court utilized that  figure in imposing sentence.  (Doc. 41 at 24).  Counsel could not have performed deficiently by failing to object to something that did not occur, and the petitioner could not have been prejudiced by the failure.

       In his reply brief the petitioner changes tack, arguing that counsel should have argued he was not responsible for the methamphetamine found within the residence, on the grounds that it was contained in a bag that another individual possessed and threw into a bedroom.  (Doc. 53 at 11-12).  The petitioner was held responsible for this methamphetamine, but it did not affect his sentence.  The bag contained .24 gram of methamphetamine, which the Sentencing Guidelines treat as equivalent to 480 grams of marijuana.  (Doc. 26 at 6, ¶ 19).  The pseudoephedrine inside the residence for which the petitioner was held responsible totaled 177.48 grams, which the Sentencing Guidelines treat as equivalent to 1,774.8 kilograms of marijuana.  (*Id*., ¶ 20).  Because 1,000 kilograms of marijuana corresponds to a base offense level of 32, (*id*., ¶ 21), the petitioner's base offense level was dictated by the pseudoephedrine and was not affected by the methamphetamine.  Even if counsel had performed deficiently by failing to object to consideration of the methamphetamine, the petitioner could not have been prejudiced by the failure because it was irrelevant to the sentence he received.

### III.  Evidentiary Hearing.

"Unless the motion [under Section 2255] and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  28 U.S.C. § 2255.  However, an evidentiary hearing is not required in every case.  For example, no evidentiary hearing is required:

- Where the petitioner's claim is "patently frivolous," *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989);
- Where the claim is "based upon unsupported generalizations," *id.*;
- Where the petitioner has not "allege[d] facts that, if true, would entitle him to relief," *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002);
- Where the facts alleged are not  "reasonably specific [and] non-conclusory," *id.* at 714-15;
- "[W]here the petitioner's allegations are affirmatively contradicted by the record," *id.* at 715;
- Where the petitioner's version of the facts has already been accepted as true, *Turner v. Crosby*, 339 F.3d 1247, 1274-75 (11th Cir. 2003); and
- Where "the district court can determine the merits of the ineffectiveness claim based on the existing record."  *Schultz v. Wainwright*, 701 F.2d 900, 901 (11th Cir. 1983).

As is evident from the Court's discussion above, each of the petitioner's claims is subject to one or more of these exceptions.  Accordingly, the petitioner is not entitled to an evidentiary hearing.

## CONCLUSION

For the reasons set forth above, the petitioner's motion to vacate is **denied**.


DONE and ORDERED this 19th day of October, 2007.


s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE